574 So.2d 1066 (1990)
Charles Michael KIGHT, Petitioner,
v.
Richard L. DUGGER, Respondent.
Charles Michael KIGHT, Appellant,
v.
STATE of Florida, Appellee.
Nos. 75086, 74974.
Supreme Court of Florida.
November 29, 1990.
Rehearing Denied March 6, 1991.
*1067 Larry Helm Spalding, Capital Collateral Representative, and Billy H. Nolas, Chief Asst. CCR and Josephine L. Holland and Thomas H. Dunn, Asst. Capital Collateral Representatives, Office of Capital Collateral Representative, Tallahassee, for petitioner, appellant.
Robert A. Butterworth, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for respondent, appellee.
EHRLICH, Justice.
Charles Kight, a prisoner under sentence of death, appeals the trial court's denial of his motion to vacate conviction and sentence made pursuant to Florida Rule of Criminal Procedure 3.850. He also petitions this Court for a writ of habeas corpus. We have jurisdiction pursuant to article V, sections 3(b)(1) and (9), Florida Constitution.
Kight was convicted of the first-degree murder of a Jacksonville cab driver and in accordance with the jury's recommendation, was sentenced to death. This Court affirmed the conviction and sentence on direct appeal. Kight v. State, 512 So.2d 922 (1987), cert. denied, 485 U.S. 929, 108 S.Ct. 1100, 99 L.Ed.2d 262 (1988). A death warrant was signed on September 27, 1989, with execution scheduled for December 6, 1989.
Kight filed a petition for writ of habeas corpus with this Court and a rule 3.850 motion to vacate with the trial court. The trial court summarily denied twenty-two of the claims raised in Kight's rule 3.850 motion. After an evidentiary hearing on Kight's claim that the state deliberately used false and misleading testimony and withheld material exculpatory evidence, the trial court denied all relief. Kight appeals that denial. Kight also appeals the trial *1068 court's order compelling the Office of the Capital Collateral Representative (CCR) to disclose, pursuant to chapter 119, Florida Statute (1987), files in its possession which were prepared by Kight's trial counsel. Oral argument was heard on December 5, 1989. This Court granted a stay of execution in order to adequately consider the appeal and the petition for writ of habeas corpus.

CHAPTER 119 DISCLOSURE
On November 13, 1989, the State Attorney for the Fourth Judicial Circuit made a written request to CCR, pursuant to section 119.06, for access to public records relating to Mr. Kight's postconviction litigation. CCR refused to disclose the records. The state attorney then filed a motion to compel disclosure. CCR took the position that the files requested were not subject to chapter 119 disclosure because they are not the files of a government agency, but rather are the files of a private individual, Mr. Kight. CCR also maintained that the records requested were specifically exempt under section 119.07(3)(o) because they were prepared in connection with "active litigation."
The trial court granted the motion but limited the scope of the files to be disclosed to those prepared by Kight's trial counsel relating to the capital trial. CCR objected to the order and requested that the issuance of the order be stayed pending appeal. The request was denied. CCR states that the state attorney was provided access to the files prepared by Kight's trial counsel. However, the state maintains that since the files were not delivered to the state attorneys handling the case in Jacksonville the order requiring disclosure had no effect on the rule 3.850 hearing. We agree with CCR that although the files have been disclosed in this case, thereby rendering the issue moot, this Court should address the issue because it is "capable of repetition, yet evading review." Honig v. Doe, 484 U.S. 305, 108 S.Ct. 592, 601, 98 L.Ed.2d 686 (1988); see In re T.W., 551 So.2d 1186 (Fla. 1989).
Recently, in State v. Kokal, 562 So.2d 324 (Fla. 1990), this Court addressed whether files of the state attorney pertaining to the prosecution of a defendant seeking postconviction relief are subject to disclosure under chapter 119. In Kokal, we rejected the state attorney's position that these files were exempt from public disclosure under sections 119.07(3)(d) (active criminal investigative information) and 119.07(3)(o) (active litigation), reasoning that criminal investigative information and litigation do not remain active after a conviction and sentence becomes final on direct appeal.
In Kokal, there was no question that the records sought were public records under chapter 119; the only issue presented was whether the records at issue were otherwise exempt from disclosure. In contrast, the sole issue presented in the instant case is whether the files prepared by defense trial counsel which are in the possession of CCR are public records subject to disclosure under Florida's public records act.
We agree with CCR that chapter 119 was enacted to insure free access to "governmental records." See Lorei v. Smith, 464 So.2d 1330 (Fla. 2d DCA), review denied, 475 So.2d 695 (Fla. 1985). As we explained in City of North Miami v. Miami Herald Publishing Co., 468 So.2d 218, 219 (Fla. 1985), "[t]he legislature has the constitutional power to regulate disclosure of public records of the state and its political subdivisions and has done so through chapter 119." (Emphasis added.) We also agree that although the records of defense counsel were "received... in connection with the transaction of official business"[1] by CCR, the records ordered disclosed are not governmental records for purposes of Florida's public records act; they are the private records of Mr. Kight. See id. (communications between attorney and government-entity client belong to the client, not the lawyer).
The records at issue were initially prepared and maintained by defense counsel for the sole purpose of aiding in the *1069 defense of the accused and came into the possession of CCR because of its representation of Mr. Kight in these collateral proceedings. While representing a client, CCR, like the public defender, performs essentially a private function by "advancing `the undivided interests of [the] client.'" Polk County v. Dodson, 454 U.S. 312, 318-19, 102 S.Ct. 445, 449-50, 70 L.Ed.2d 509 (1981) (public defender does not act under color of state law, for purposes of Civil Rights Act, when performing a lawyer's traditional functions as counsel to defendant in a criminal proceeding); West v. Atkins, 487 U.S. 42, 108 S.Ct. 2250, 2256, 101 L.Ed.2d 40 (1988) (public defender's professional and ethical obligations as an attorney require him to act in a role independent of and in opposition to the state). We, therefore, hold that files in the possession of CCR in furtherance of its representation of an indigent client are not subject to public disclosure under chapter 119. To hold otherwise would subject the records of a defendant who is unable to retain private collateral representation to public disclosure while those of a defendant represented by private counsel would be immune from such disclosure.

HABEAS CORPUS
Next we address Kight's petition for writ of habeas corpus. As his first claim, Kight argues that appellate counsel was ineffective for failing to challenge the trial court's refusal to instruct the jury that it could consider age as a statutory mitigating factor. Kight maintains that without this instruction the jury had no vehicle to give effect to the mitigating evidence of Kight's low functional age of 8-10. The trial court denied trial counsel's request that the jury be instructed on the statutory mitigating factor of the age of the defendant at the time of the offense, believing that the plain meaning of section 921.141(6)(g) is chronological age and that defense counsel would have full opportunity to argue Kight's low functional age in connection with statutory mitigating factors: 1) that Kight's capacity to appreciate the criminality of his conduct was impaired and 2) that Kight was under the substantial domination of another.
We reject this claim because Kight has failed to show that there is a reasonable probability that if counsel had raised this claim the outcome of Kight's appeal would have been different, as required under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). While the jury was not given an instruction under section 921.141(6)(g), it was given instructions setting forth the following statutory mitigating factors: 1) the capital felony was committed while the defendant was under the influence of extreme mental or emotional disturbance, section 921.141(6)(b); 2) the defendant acted under extreme duress or the substantial domination of another, section 921.141(6)(e); and 3) the defendant's capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired, section 921.141(6)(f). The jury was also instructed to consider any other aspect of the defendant's character or record or any other evidence of the offense. During penalty phase closing argument, defense counsel urged the jury to consider Kight's low functional age in mitigation, arguing that the death penalty was not appropriate for one "who has acted as a child of eight to ten years old." Later in closing argument, counsel stated "Charles Kight's social age unrefuted is eight to ten years of age. That, ladies and gentlemen, is a mitigating circumstance." Counsel also reemphasized this factor in connection with his argument that Kight was under the substantial domination of his codefendant. On this record, there is no reasonable probability that the jury's recommendation or the penalty imposed would have been different if the requested instruction had been given. Therefore, even if the omission of this instruction had been found error on direct appeal, see Robinson v. State, 487 So.2d 1040 (Fla. 1986), the error would have been found harmless.
As his second claim, Kight argues that the state improperly urged the jury to consider victim impact evidence in violation of Booth v. Maryland, 482 U.S. 496, 107 *1070 S.Ct. 2529, 96 L.Ed.2d 440 (1987) and South Carolina v. Gathers, 490 U.S. 805, 109 S.Ct. 2207, 104 L.Ed.2d 876 (1989). Although a Booth claim generally should be raised in a rule 3.850 motion, we consider this claim in connection with Kight's petition for writ of habeas corpus because the only portion of the state's argument objected to at trial as improper victim-impact evidence was addressed by this Court on direct appeal. See Jackson v. Dugger, 547 So.2d 1197 (Fla. 1989).
Of the alleged improper references to victim impact only the following portion of the state's argument was properly preserved for review:
STATE: Finally, I just want to comment on a couple of other things: In the penalty phase of this trial two of the defendant's family took the stand, his mother and his sister, and the reason I bring that up is because they were both very obviously hurt by what's happening to their son and brother, and they were emotional, understandably, and there's certainly a lot of sympathy that one can feel for those people, but I point out to you that the thing about a first degree murder, the thing any murder is that it hurts a large number of people.
Charles Kight killed Lawrence Butler: it hurts his widow, her family, you know: children he may have had.
DEFENSE COUNSEL: I object to the appeal for sympathy for the victim's family as improper argument.
STATE: Your Honor, I am going to tell them not to consider that, I am trying to work around to that.
THE COURT: I will sustain the objection.
DEFENSE COUNSEL: And I would move for a mistrial.
THE COURT: I will deny the motion for a mistrial.
STATE: At any rate, ladies and gentlemen, there are a large number of people, including the defendant's family, they're hurt, too, and well, what I was going to get around to saying is that unfortunately sympathy doesn't have any part in your verdict, nor does mercy.
The other claims of alleged Booth error are procedurally barred. See Parker v. Dugger, 550 So.2d 459 (Fla. 1989); Eutzy v. State, 541 So.2d 1143 (Fla. 1989).
As noted above, Kight's challenge to this portion of the state's argument was found to be without merit on direct appeal. 512 So.2d at 925 n. 1. Although we did not have the benefit of the Supreme Court's decision in Booth when we rejected this claim on direct appeal, a new sentencing hearing is not required under that decision. In this case, the defense's objection to the state's reference to those hurt by the murder of Lawrence Butler was sustained. After explaining to the court that she was attempting to admonish the jurors not to consider sympathy which they may have felt for the victim's survivors, the prosecutor told the jury that such sympathy was not a proper consideration. We do not believe this admonishment had the effect of diverting the jury's attention away from the character of the defendant and the circumstances of the crime by focusing it on the effect the murder had on the victim's family. Therefore, we find no relief is warranted under Booth or our decision in Jackson.
As his third claim, Kight urges us to reconsider his argument that the trial court's positive instruction to the jury prior to recess during the penalty phase to feel free to discuss their deliberations with whomever they wished rendered his sentence arbitrary and capricious. Kight, 512 So.2d at 931-32. Habeas corpus is not a vehicle to relitigate issues that have been determined in a prior appeal. Kennedy v. Wainwright, 483 So.2d 424 (Fla.), cert. denied, 479 U.S. 890, 107 S.Ct. 291, 93 L.Ed.2d 265 (1986). We need not revisit this claim because Kight has shown no fundamental constitutional infirmity entitling him to relief. Eutzy, 541 So.2d at 1149; Kennedy, 483 So.2d at 426.
Kight's fourth claim is that the jury's sense of responsibility for sentencing was diluted in violation of Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), and appellate counsel was ineffective for failing to raise this *1071 claim. Caldwell is not such a change in the law as to overcome a procedural bar. Demps v. State, 515 So.2d 196 (Fla. 1987). A claim of ineffective assistance may not be used to circumvent the rule that habeas corpus proceedings do not provide a second appeal. Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla. 1987). Further, counsel was not ineffective for failing to raise this meritless and unpreserved claim. Grossman v. State, 525 So.2d 833 (Fla. 1988) (the rationale of Caldwell is inapplicable in Florida where the judge rather than the jury renders the sentence), cert. denied, 489 U.S. 1071, 109 S.Ct. 1354, 103 L.Ed.2d 822 (1989); Jackson, 547 So.2d at 1198 n. 1 (appellate counsel not ineffective for failing to raise Caldwell claim which was not raised at trial).
Kight's fifth claim is that appellate counsel was ineffective for failing to argue that the death penalty instruction improperly shifted the burden to the defendant to prove that death was inappropriate, contrary to Mills v. Maryland, 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988); Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978); Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). Kight bases this claim on Adamson v. Ricketts, 865 F.2d 1011 (9th Cir.1988), cert. denied, ___ U.S. ___, 110 S.Ct. 3287, 111 L.Ed.2d 795 (1990). The substantive claim is procedurally barred under our decision in Eutzy. The United States Supreme Court's decision in Mills v. Maryland, in which the Court merely reaffirmed Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982), and Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), is not a fundamental change in the law requiring consideration of this otherwise-barred claim under Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). Counsel was not ineffective for failing to raise a claim which had been rejected by this Court in Arango v. State, 411 So.2d 172 (Fla.), cert. denied, 457 U.S. 1140, 102 S.Ct. 2973, 73 L.Ed.2d 1360 (1982), and which was not objected to at trial. Preston v. State, 531 So.2d 154, 160 (Fla. 1988), cert. denied, 489 U.S. 1072, 109 S.Ct. 1356, 103 L.Ed.2d 824 (1989).
As his sixth claim, Kight argues that the trial court improperly considered nonstatutory aggravating factors and counsel was ineffective for failing to raise this issue on appeal. Kight complains of the following findings of fact in the trial court's sentencing order which were made in connection with the statutory aggravating factor of heinous, atrocious, or cruel:
FACT: The victim begged that his wedding band not be taken.
... .
FACT: The number of stab wounds are evidence from which the desire to inflict torture should be inferred.
... .
FACT: The victim was made to disrobe prior to the torture with the knife. The night was cold.
He maintains that these findings have "no relevance to any statutory aggravating factors" and "concern impermissible victim impact matters." The substantive claim is procedurally barred because it was not objected to at trial or raised on direct appeal. Grossman. Counsel's failure to raise an unpreserved claim cannot be deemed deficient performance. Further, even if the claim had been preserved, it was meritless because it is clear from the sentencing order that these facts, among others, were the basis for the trial court's finding that the murder was especially heinous, atrocious, or cruel under section 921.141(6)(h). Such facts are relevant circumstances of the crime which were properly considered in connection with this statutory aggravating factor. See Gathers, 109 S.Ct. at 2211 (relevant circumstances of the crime are proper subject for comment). Kight has again failed to show deficient performance or prejudice arising therefrom, as required under Strickland.
Kight's seventh claim that his confrontation rights were violated when the trial court restricted his cross-examination of codefendant Hutto and refused to admit Hutto's plea transcript is also procedurally *1072 barred. Habeas corpus is not a vehicle for a second appeal.
His final claim that the prosecutor and court improperly told the jury that sympathy and mercy towards the defendant were improper considerations is also procedurally barred. He contends that although this claim was raised on direct appeal in connection with the challenge to the prosecutor's closing argument, this Court "misconstrued the error." He urges us to reconsider this claim in light of the recent decision of the United States Supreme Court in Penry v. Lynaugh, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). Again, habeas corpus is not a vehicle for relitigating an issue determined on direct appeal. Kennedy. Using a different argument to relitigate such a claim is inappropriate. Quince v. State, 477 So.2d 535 (Fla. 1985), cert. denied, 475 U.S. 1132, 106 S.Ct. 1662, 90 L.Ed.2d 204 (1986). Penry, which we have held to be inapplicable to the Florida death-penalty scheme, provides no relief from this procedural bar. See Porter v. Dugger, 559 So.2d 201 (Fla. 1990); see also, Saffle v. Parks, ___ U.S. ___, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990) (defendant not entitled to federal habeas relief based on claim that instruction during penalty phase telling the jury to avoid any influence of sympathy violated the eighth amendment).

RULE 3.850 MOTION
Of the twenty-three claims raised in the rule 3.850 motion, the trial court summarily denied all but claim 1 listed below, denying that claim after an evidentiary hearing. Of those claims, only the following thirteen are raised before this court: 1) the state violated discovery rules and suppressed material exculpatory evidence; 2) Kight was denied his fifth, sixth, eighth, and fourteenth amendment rights because of the public defender's office's conflict of interest; 3) Kight was denied effective assistance of counsel at the guilt-innocence and sentencing phases of his trial; 4) Kight was denied effective assistance of counsel at the sentencing phase of his trial; 5) Kight's sixth, eighth and fourteenth amendment rights were violated because counsel unreasonably failed to present mitigating evidence and failed to adequately develop and employ expert mental health assistance and because the experts retained failed to conduct professionally adequate mental health evaluations; 6) the penalty-phase jury instructions unconstitutionally shifted the burden to the defendant to prove that death was inappropriate, and limited the jury's ability to fully and fairly consider mitigating evidence and the trial court applied an improper standard; 7) the sentencing court's refusal to find clearly established mitigation constituted fundamental constitutional error; 8) the state presented victim-impact evidence, contrary to Booth; 9) the exclusion of evidence material to Kight's theory of defense was fundamental error, and rendered defense counsel ineffective; 10) the trial court's refusal to allow defense counsel to elicit testimony concerning Kight's mental condition violated his sixth, eighth and fourteenth amendment rights and his right to present a complete defense; 11) the trial court's instruction to the jurors to discuss the case between the trial and sentencing violated fundamental constitutional rights; 12) it was error to preclude the jury from considering mercy and sympathy in sentencing; and 13) the trial court erred in refusing to instruct on the statutory mitigating factor of age.
Of these thirteen claims, eight are procedurally barred. Claims 2, 7, 9, 10, and 11 are procedurally barred because they were raised and rejected on direct appeal.[2] Claims 6, 12, and 13 are barred because they could have been raised on direct appeal. None of the decisions relied upon in connection with those claims is such a change in the law as to preclude a procedural bar under Witt.
*1073 In claim 8, Kight raises the same Booth claim that was raised in his petition for writ of habeas corpus and rejected above. Therefore, we also affirm summary denial of that claim.
Next we find that summary denial of Kight's claims of ineffective assistance of trial counsel raised in claims 3, 4 and 5 above was proper because Kight failed to allege specific facts which demonstrate a deficiency in performance that prejudiced the defendant and which are not conclusively rebutted by the record. Kennedy v. State, 547 So.2d 912 (Fla. 1989). In connection with Kight's claims that counsel a) failed to prepare a feasible defense; b) failed to present evidence of voluntary intoxication; c) failed to adequately cross-examine a key witness; and d) failed to request jury instructions on voluntariness of statements by the defendant, it is clear from the record that counsel either adequately did these things or that it was a tactical decision not to do so. It is also clear from the record that counsel's performance during the penalty phase of the trial and his preparation and utilization of expert witnesses was likewise adequate. Summary denial was also proper in connection with the portion of claim 3 alleging that interference by the court and state rendered counsel ineffective. A procedural bar cannot be avoided by simply couching otherwise-barred claims in terms of ineffective assistance of counsel. Finally, alleged instances of ineffectiveness which Kight attempts to raise by merely directing our attention to his motion for postconviction relief are deemed waived. Duest v. Dugger, 555 So.2d 849, 852 (Fla. 1990).
Finally, the only alleged Brady violation raised in claim 1 above which merits discussion is Kight's claim that the state failed to disclose information concerning alleged concessions which had been made to the four jail-house informants who testified against him at trial. This claim was presented to this Court on direct appeal. However, we did not reach the merits, noting that the claim could properly be raised in a rule 3.850 motion, "thus giving the trial court an opportunity to determine if the alleged undisclosed concessions were in fact made and, if so, whether a new trial is mandated under the standards set forth by the United States Supreme Court in United States v. Bagley." 512 So.2d at 933 (citation omitted).
After expressly considering the credibility of the witnesses who testified during the evidentiary hearing on this claim, the trial court denied relief, finding:
1) There were no undisclosed concessions made to the jailhouse informants by the State Attorney's Office or anyone else.
2) The evidence presented to this Court was not material to the Defendant's conviction and sentence.
There was sufficient competent evidence adduced at the rule 3.850 hearing to support the trial court's denial of this claim. While there was conflicting testimony concerning whether the state made concessions in exchange for the informants' testimony, it was within the trial court's discretion to find the state's witnesses more credible than those of the defense.
Accordingly, we deny Kight's petition for writ of habeas corpus and affirm the trial court's orders denying postconviction relief.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD and GRIMES, JJ., concur.
BARKETT, J., concurs in part and dissents in part with an opinion, in which KOGAN, J., concurs.
BARKETT, Justice, concurring in part, dissenting in part.
I concur with the exception of the majority's disposition of Kight's ineffective assistance of counsel claim. I believe Kight's petition for relief on this issue requires an evidentiary hearing under rule 3.850, especially as it relates to the penalty phase.
KOGAN, J., concurs.
NOTES
[1] Section 119.011(1), Florida Statutes (1987).
[2] Kight's conflict of interest claim which served as the basis for his claim on direct appeal that the trial court erred in refusing to exclude the testimony of jail-house informants whose testimony he maintains was the direct result of this conflict was found to be without merit. Kight v. State, 512 So.2d 922, 924-25 n. 1 (1987), cert. denied, 485 U.S. 929, 108 S.Ct. 1100, 99 L.Ed.2d 262 (1988).