Harold Lee Harvey, Jr., a prisoner under a sentence of death, petitions this Court for a writ of habeas corpus and appeals the trial court's denial of postconviction relief. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const.; Fla.R.Crim.P. 3.850.
Harvey was convicted of the first-degree murders of William and Ruby Boyd. The facts of the murders are set out in Harvey v.State, 529 So.2d 1083 (Fla. 1988), cert. denied, 489 U.S. 1040, 109 S.Ct. 1175, 103 L.Ed.2d 237 (1989), in which we affirmed Harvey's convictions and sentences of death. After the governor signed a death warrant on March 29, 1990, Harvey filed a petition for writ of habeas corpus with this Court along with a request for stay of execution. This Court issued a stay so that Harvey could seek relief under rule 3.850. Thereafter, Harvey filed a motion for postconviction relief in the trial court. After an evidentiary hearing on one of the claims, the judge entered an order denying relief and this appeal followed. Harvey also filed a supplemental habeas petition.
 3.850 Motion
Harvey raised seventeen claims in his postconviction motion: (1)(a) trial counsel was ineffective for failing to make several arguments in support of his motion to suppress Harvey's confession;[1] (1)(b) trial counsel *Page 1255 
was ineffective for failing to challenge juror Brunetti for cause or peremptorily after she stated she could not be impartial; (1)(c) trial counsel was ineffective for failing to object to the trial court's change of venue to Indian River County; (1)(d) trial counsel was ineffective for making claims in his opening statement that were not later established; (1)(e) trial counsel was ineffective for failing to raise a valid objection to the admission of hearsay testimony relating to Harvey's pretrial escape; (1)(f) trial counsel was ineffective for admitting Harvey's guilt during opening statements; (2)(a) trial counsel was ineffective for failing to adequately investigate and present mitigating evidence; (2)(b) trial counsel was ineffective for failing to establish the substantial domination mitigating factor; (2)(c) trial counsel was ineffective during his penalty-phase closing argument; (2)(d) trial counsel was ineffective for failing to waive the no significant history mitigating factor; (2)(e) trial counsel was ineffective for allowing the State to anticipatorily rebut evidence of remorse when such an argument was not made; (2)(f) trial counsel was ineffective for failing to present evidence or argument at the final sentencing hearing; (2)(g) trial counsel was ineffective for failing to investigate and confirm that the victims overheard Harvey and the co-defendant deciding to kill them; (3) trial counsel was ineffective for failing to ensure that Harvey received a competent mental health examination; (4) Harvey was tried by a de facto eleven-person jury; (5)(a) the trial court rendered trial counsel ineffective by refusing to hear and rule on Harvey's motion to suppress prior to jury selection; (5)(b) the trial court rendered trial counsel ineffective by denying counsel's motion for co-counsel; (5)(c) the trial court rendered trial counsel ineffective by denying counsel's motion for continuance made between the guilt and penalty phases of the trial; (6) the trial court failed to expressly evaluate all mitigating factors, failed to find each proposed mitigating circumstance, and failed to weigh those factors against the aggravating factors; (7) fundamental changes in the law require resentencing because the trial court improperly rejected the no significant history mitigating factor based on offenses committed after the murders but before sentencing; (8)(a) the trial court failed to properly instruct the jury regarding the heinous, atrocious, or cruel and cold, calculated, and premeditated aggravating factors; (8)(b) the penalty-phase jury instructions and the prosecutor's closing argument precluded the jury from considering sympathy in recommending a sentence; (8)(c) the trial court erred in refusing to answer two jury questions relating to when Harvey would be eligible for parole and whether life sentences would be imposed consecutively; (8)(d) the trial court erred in denying Harvey's special requested penalty-phase instructions; (9) the penalty-phase jury instructions improperly shifted the burden to Harvey to prove that the mitigating factors outweighed the aggravating factors, and trial counsel was ineffective for failing to object to them; (10) the heinous, atrocious, or cruel instruction was unconstitutionally vague, and trial counsel was ineffective for failing to object to the lack of a limiting instruction; (11) the cold, calculated, and premeditated instruction was unconstitutionally vague, and trial counsel was ineffective for failing to object to the lack of a limiting instruction; (12)(a) the State withheld the fact that witness Griffin had been used as a jailhouse informant in other cases; (12)(b) the State withheld the fact that Harvey requested counsel after his arrest; (13) Florida Rule of Criminal Procedure 3.851 violates Harvey's rights to due process, equal protection, and access to the courts; (14) the jury was improperly instructed that its role was merely advisory; (15) the State improperly argued victim-impact evidence; (16) trial counsel was ineffective for failing to object to the admission of evidence that Harvey threatened to kill a fellow inmate; and (17) Florida's system for funding the defense of indigent capital defendants violates due process and equal protection. *Page 1256 
At the outset, we find no merit to claims 12(a), 12(b), 13, 15, and 17, and we dismiss those claims without discussion. Also, issues that could have been, but were not, raised on direct appeal are not cognizable through collateral attack. Johnson v.State, 593 So.2d 206 (Fla.), cert. denied, ___ U.S. ___, 113 S.Ct. 119, 121 L.Ed.2d 75 (1992). Therefore, claims 5(a), 5(b), 5(c), 6, 8(c), and 9[2] are procedurally barred from review in this proceeding because they could have been raised on direct appeal. Further, postconviction proceedings are not to be used as a second appeal. Swafford v. Dugger, 569 So.2d 1264, 1267 (Fla. 1990). Therefore, claims 8(b), 8(d), and 14 are procedurally barred as these issues were raised on direct appeal. It is also not appropriate to use a different argument to relitigate the same issue. Medina v. State, 573 So.2d 293, 295 (Fla. 1990). Hence, claim 1(a) is procedurally barred, with the exception of the portion of the claim relating to the booking sheet, because the issue of the suppression of Harvey's confession was raised on direct appeal and rejected by this Court. Claim 1(e) is also procedurally barred as the issue of evidence of Harvey's pretrial escape was raised on direct appeal.
The trial court held an evidentiary hearing on issue 1(b), in which Harvey argued that trial counsel was ineffective during the voir dire for failing to challenge juror Brunetti.[3] During voir dire, Brunetti had stated that she could not be impartial because she had read in the newspaper and heard on television that Harvey had confessed to the crime. Harvey's trial counsel, who had previously worked on many other capital cases, testified that because of the strong evidence of guilt and the fact that Harvey's motion to suppress the confession had been denied, he had concluded that there was no chance of obtaining an acquittal. While he had no independent recollection of juror Brunetti, upon reviewing the transcript he concluded that her responses indicated that she was receptive to psychological testimony. In the course of her testimony, she had observed that while the death penalty was a deterrent to the person sentenced, she did not "necessarily believe that two wrongs made a right." Harvey's counsel expressed the opinion that it was reasonable strategy to accept juror Brunetti and concentrate on the penalty phase.
We hold that there was competent and substantial evidence to support the lower court's finding that defense counsel made a reasonable decision not to challenge Brunetti based on his strategy of attempting to find jurors likely to recommend a life sentence instead of the death penalty. Thus, Harvey has failed to demonstrate that counsel's performance was deficient during the voir dire. We likewise reject Harvey's claim 4 that he was tried by a de facto eleven-person jury.
In claim 1(f), Harvey argues that he was denied effective assistance of counsel in the guilt phase of the trial when without his consent, defense counsel conceded Harvey's guilt in the opening argument. Harvey maintains that this concession nullified his fundamental right to have the issue of guilt or innocence presented to the jury as an adversarial issue. Because the record before us is unclear as to whether Harvey was informed of the strategy to concede guilt and argue for second-degree murder, we remand to the trial court for an evidentiary hearing on this issue. See Nixon v. State, 572 So.2d 1336 (Fla. 1990),cert. denied, 502 U.S. 854, 112 S.Ct. 164, 116 L.Ed.2d 128 (1991).
Harvey also contends in claim 1(a) that he was denied effective assistance of counsel in the guilt phase when his trial counsel failed to argue for suppression of Harvey's confession based on a copy of a booking sheet. In his 3.850 motion, Harvey appended a copy of a booking sheet with his name on it which indicated that he wished to speak to an attorney. The copy of the booking sheet bears no time or date. Harvey claims that the booking sheet was generated at 6:35 a.m. on the day of his arrest. Therefore, Harvey argues that the booking sheet would have been important in his motion to *Page 1257 
suppress because it preceded his confession. Harvey further claims that the copy of the booking sheet was in his trial counsel's files at the time he moved to suppress Harvey's confession.
If authentic and if signed at 6:35 a.m., the booking sheet might bear on Harvey's claim of ineffective assistance of counsel in relation to the motion to suppress. We do not feel that this claim can be resolved without an evidentiary hearing and therefore remand to the trial court.
We also find merit to Harvey's claims 2(a) and 3 regarding ineffective assistance of counsel during the penalty phase. The sentencing court found four aggravating factors[4] and as a mitigating circumstance found that Harvey had a low I.Q. and poor educational and social skills. During the penalty phase, defense counsel presented seventeen witnesses including Dr. Petrilla, a clinical psychologist who conducted psychological testing on Harvey. These witnesses testified that Harvey came from a loving family and was a decent, dependable, hard-working individual. The evidence presented also tended to prove that Harvey was of below normal intelligence, was depressed, and was a quiet and passive person. The evidence was intended to show that Harvey had many socially redeeming qualities and deserved mercy from the jury.
In his 3.850 motion, collateral counsel presented substantial mitigating evidence depicting Harvey's childhood as deprived and violent and portraying Harvey as a person with a history of substance abuse. In addition, affidavits made by a psychiatrist state that Harvey suffered from organic brain damage and debilitating depression at the time of the offense. Harvey also alleges that Dr. Petrilla recommended to defense counsel that Harvey be evaluated by an experienced psychiatrist. We believe that this allegation along with the evidence contained in the pleadings is sufficient to require an evidentiary hearing to determine whether defense counsel was ineffective for failing to uncover and introduce this evidence at trial.
A number of Harvey's other penalty phase claims relating to ineffectiveness of counsel do not appear to be such as would warrant relief under the prejudice prong of Strickland v.Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, the cumulative effect of such claims, if proven, might bear on the ultimate determination of the effectiveness of Harvey's counsel. Therefore, in view of the fact that we have already determined to remand for an evidentiary hearing on Harvey's penalty claims 2(a) and 3, we also remand his penalty claims 2(b), 2(c), 2(d), 2(e), 2(f), 2(g), and 16 for consideration at the same time.[5]
Harvey argues in claim 7 that the mitigating circumstance of lack of a significant history of prior criminal activity[6]
existed in Harvey's case because of Scull v. State, 533 So.2d 1137
(Fla. 1988), cert. denied, 490 U.S. 1037, 109 S.Ct. 1937, 104 L.Ed.2d 408 (1989), which was decided after Harvey. InScull, we found when considering the existence of this mitigator, the term "prior" means before the commission of the murder. In the instant case, the basis of the trial court's rejection of this mitigator was because Harvey had escaped from jail while awaiting trial on the murder charges. We reject Harvey's contention because at the time of Harvey's sentencing, the law provided that any significant criminal activity "prior" to sentencing precluded the finding of this mitigating circumstance. Ruffin v. State, 397 So.2d 277 (Fla.), cert.denied, 454 U.S. 882, 102 S.Ct. 368, 70 L.Ed.2d 194 (1981).Scull was not a fundamental change in the law that requires retroactive application. See Lucas v. State, 568 So.2d 18 (Fla. 1990) (prosecutor's jury argument that mitigation of no significant prior history of criminal conduct should be rejected because of *Page 1258 
contemporaneous criminal conduct in violation of Scull was not fundamental error).
Finally, Harvey argues in claims 10 and 11 that both the standard jury instructions on the heinous, atrocious, or cruel and cold, calculated, and premeditated aggravators given in this case were unconstitutionally vague.[7] Because Harvey did not object to these instructions or request legally sufficient alternative instructions, these claims are procedurally barred. Further, Harvey's trial counsel cannot be deemed ineffective under the test set out in Strickland for failing to object to these instructions when this Court had previously upheld the validity of these instructions. See Kight v. Dugger, 574 So.2d 1066
(Fla. 1990); White v. Dugger, 565 So.2d 700 (Fla. 1990);Ruffin v. Wainwright, 461 So.2d 109 (Fla. 1984). Harvey's claim 8(a) that the trial court failed to properly instruct the jury regarding these circumstances is likewise without merit.
 Habeas Petition
Harvey raises seven issues in his petition for a writ of habeas corpus: (1) he was denied effective assistance of counsel on direct appeal;[8] (2) the record does not support the heinous, atrocious, or cruel finding; (3) the cold, calculated, and premeditated aggravating factor was not properly found; (4) the trial court improperly rejected the mitigating circumstance of lack of a significant history of prior criminal activity; (5)Caldwell[9] error occurred; (6) rule 3.851 as applied to Harvey resulted in a violation of Harvey's constitutional rights; and (7) Florida's system for funding the defense of indigent capital defendants is constitutionally invalid.
Appellate counsel's failure to raise nonmeritorious claims is not ineffective assistance of counsel. Swafford, 569 So.2d at 1266. If appellate counsel had raised the issues now set forth in claim 1, we would have found them to be without merit. Therefore, claim 1 is denied. Claims 2, 3, and 5 were raised on direct appeal and are now procedurally barred. Smith v. State, 445 So.2d 323
(Fla. 1983), cert. denied, 467 U.S. 1220, 104 S.Ct. 2671, 81 L.Ed.2d 375 (1984). Claims 4, 6, and 7 duplicate claims raised in the rule 3.850 appeal discussed previously in this opinion.
Accordingly, we deny the petition for a writ of habeas corpus. We reverse the trial court's summary denial of the postconviction motion as to those issues specified in this opinion as being legally sufficient allegations and remand that portion of the case to the trial court. On remand, the trial court should conduct an evidentiary hearing and rule on the above specified allegations raised in Harvey's motion. We affirm the order denying the motion for postconviction relief on all other issues.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
[1] Harvey maintains that the following arguments should have been made: (a) Harvey invoked his right to counsel when he was booked into the jail, but the police ignored his request; (b) the initial Miranda warnings that were given were incomplete and misleading; (c) Harvey invoked his right to counsel during questioning, but his request was ignored; and (d) Harvey was not promptly taken before a judicial officer for his first appearance. The claim also asserted that trial counsel failed to obtain the services of a psychiatrist who would have testified that Harvey suffered from organic brain damage and was subject to becoming quickly and easily confused in stressful situations. The claim further asserted that trial counsel failed to effectively argue that the police refused to allow a public defender to speak with Harvey and coerced Harvey into making a confession by using a visitation with his wife as a bargaining tool.
[2] The portion of claim 9 pertaining to ineffective assistance of counsel will be discussed in another part of this opinion.
[3] When one of the jurors became ill, alternate Brunetti was seated as a juror.
[4] The murders were found to be (1) especially heinous, atrocious, or cruel; (2) committed for the purpose of avoiding lawful arrest; (3) committed in a cold, calculated, and premeditated manner; and (4) committed during the commission or the attempt to commit robbery or burglary. § 921.141(5)(d), (e), (h), (i), Fla. Stat. (1983).
[5] Harvey's penalty phase claim 9 to the extent it pertains to ineffective assistance of counsel is without merit as a matter of law.
[6] § 921.141(6)(a), Fla. Stat. (1983).
[7] Harvey raises these claims in light of the United States Supreme Court decision in Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992), and this court's decision in Jackson v. State, 648 So.2d 85 (Fla. 1994).
[8] In this claim Harvey argues that appellate counsel was ineffective for failing to: (a) raise the trial court's failure to dismiss juror Brunetti; (b) raise the trial court's denial of Harvey's motion for a new trial based on an alleged Brady
violation; (c) assert that the trial court did not fully consider all the mitigating circumstances; (d) raise the trial court's denial of the penalty phase instructions requested by Harvey; (e) challenge the trial court's denial of an instruction regarding the mitigating factor of Harvey's substantially impaired capacity to appreciate the criminality of his conduct or to conform his conduct to the law; (f) challenge the trial court's denial of Harvey's motion to appoint co-counsel; (g) argue that the evidence relating to the gun taken from witness Variotto's vehicle was inadmissible under the Williams rule and for failing to argue that the flight evidence was improperly admitted; (h) challenge the denial of Harvey's request for a jury instruction supporting his theory of defense; (i) challenge the denial of Harvey's request for an instruction on the underlying felony of burglary; (j) challenge the presentation of victim-impact evidence; and (k) challenge the restriction on cross-examination of the medical examiner.
[9] Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). *Page 1259