701 So.2d 1218 (1997)
Joan HILL, as personal representative of the Estate of Walter Jackson, Appellant,
v.
The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellee.
No. 97-2073.
District Court of Appeal of Florida, First District.
December 1, 1997.
Zala L. Forizs, John A. Yanchunis, and Erin Smith Aebel of Blasingame, Forizs & Smiljanich, P.A., St. Petersburg, for appellant.
Barry Richard of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Tallahassee, for appellee.
WOLF, Judge.
Joan Hill, the personal representative of the estate of Walter Jackson, challenges an order granting a temporary injunction prohibiting the disclosure to the public of certain materials in the possession of the Florida Attorney's General's Office and the Florida Department of Insurance. The materials were compiled during the course of a regulatory investigation into The Prudential Insurance Company of America's (Prudential) insurance sales practices. We find the materials in question constituted public records pursuant to chapter 119, Florida Statutes, and were not exempt from disclosure either by the constitution or statutorily created exemption from the public records law. We, therefore, reverse the order of the trial court which enjoined disclosure of these documents.
In March 1995, the Florida Attorney General's Office (AG) and the Florida Department of Insurance (DOI) joined more than 35 other states in investigating allegations that appellee had been engaged in misleading insurance sales practices during the 1980's and 1990's. During the course of Florida's investigation, both the AG and DOI obtained, both through voluntary compliance and in response to investigative subpoenas, thousands of documents from appellee and sworn testimony from both current and past employees of appellee. In February and March 1997, administrative proceedings against appellee to revoke its license to sell insurance in Florida and a class action lawsuit against appellee by its policyholders in federal court in New Jersey were both resolved by mutually *1219 agreeable settlements among the parties and insurance regulators from all 50 states. Many of the thousands of policyholders that opted out of the federal class action continued to independently pursue litigation against appellee. Appellant is the personal representative for the estate of a policyholder that apparently opted out of the federal class action.
Appellant is currently engaged in litigation against appellee on behalf of the decedent, regarding appellee's purported unfair insurance sales practices. During the course of that litigation appellant's attorney sought to review, pursuant to chapter 119 of the Florida Statutes (Florida public records law), any and all documentation, including sworn statements, depositions and videotapes, assembled or used by both the AG and/or DOI during their investigations into appellee's business practices.
In March 1997, appellee filed suit against the AG and DOI, seeking to prohibit production under Florida's public records law of what appellee characterized as "stolen" and "misappropriated" material obtained by the AG and DOI during the course of their investigations. Appellee alleged in its complaint and motion for a temporary injunction that these "stolen" and "misappropriated" documents were either attorney-client privileged, work-product privileged, or privileged under New Jersey's self-critical analysis doctrine and that they had been disclosed to the Florida agencies without appellee's knowledge or consent. In addition to seeking return of some of the disputed materials, appellant also sought a judicial declaration regarding the confidentiality of the records, and a permanent injunction prohibiting disclosure of any of the materials. In addition, appellee sought temporary injunctive relief to prohibit both the AG and DOI from disclosing the disputed documents to anyone with then currently outstanding public records requests that encompassed the disputed materials.
An emergency hearing on appellee's temporary relief motion was held in early April 1997. At the emergency hearing, appellee's counsel asserted through argument and the submission of affidavits from three of appellee's high-level corporate executives that the disputed documents and testimonial statements at issue had been provided to the AG and DOI by some of appellee's in-house counsel without appellee's knowledge or consent after appellee had already successfully asserted the attorney-client privilege with respect to the records, and that, at least with regard to one of the in-house attorneys, the federal district court in New Jersey had recognized that this behavior had been in direct violation of that individual's employment contract with and his ethical duties toward appellee. At the conclusion of the hearing, the trial court entered an order granting the request for temporary relief.
In determining whether materials are subject to disclosure pursuant to the Florida public records law, the court must perform a two-step analysis. It must first determine whether the documents sought are, in fact, public records and whether the documents are exempt from public disclosure as a result of a constitutional or statutorily created exemption.
Section 119.011(1), Florida Statutes (1995), defines in pertinent part the term "public records" to include,
[A]ll documents ... received pursuant to law or ordinance or in connection with the transaction of official business by any agency.
Section 624.319(3), Florida Statutes, indicates that Department of Insurance investigative records collected during investigation of probable violations of the state insurance code are public records subject to disclosure once the investigation is closed.
In this case, there are three categories of documents which were enjoined from disclosure as public records: (1) Documents received from anonymous sources; (2) documents received from a Prudential office that Prudential claims were not authorized to be sent; and (3) statements or memoranda taken or prepared by the state agencies in the course of an investigation, but which allegedly claim information contained in the privileged documents. All three types of documents contain a number of the same characteristics: They were all obtained or *1220 created by the state in the course of an investigation of a violation of the state insurance code; there is no allegation that the state participated in any wrongdoing in obtaining the documents; and the documents were in the state's possession at the time the state made the decision to settle with Prudential. We find that these are exactly the types of documents which were contemplated to be public records in accordance with section 119.011(1), Florida Statutes, and section 624.319(3), Florida Statutes. In addition, public policy favors that the public be aware of the documents which were available to the state at the time of the settlement in order that the public may judge the propriety of the decision to settle the litigation.
Appellee argues, however, that the documents in question are not public records in light of the supreme court's opinion in Kight v. Dugger, 574 So.2d 1066 (Fla.1990), and that a private party's privileged documents do not become public records simply by virtue of the fact that they are in the government's possession. While this general statement is true, it fails to recognize the essential difference between this case and Kight: The governmental agency in Kight was acting in an essentially private capacity (as the attorney for an accused in a criminal proceeding), while the governmental agency in the instant case was performing a public function (the investigation into violation of the state's insurance code).[1]
Appellee also asserts that the documents in question are exempt from disclosure pursuant to section 90.502, Florida Statutes. In City of North Miami v. Miami Herald Publishing Co., 468 So.2d 218 (Fla.1985), the court determined that section 90.502, Florida Statutes, did not provide a broad-based exemption from the public records law. While City of North Miami is readily distinguishable (in that case, the client was a public agency), it provides guidance as to the breadth of the abridgement of the public's right to be aware of the public's business, and the court's duty to not liberally construe a statutory exemption which would provide for nondisclosure of public records.
In Southern Bell Tel. and Tel. Co. v. Beard, 597 So.2d 873 (Fla. 1st DCA 1992), a case similar in many respects to the instant case, this court rejected an attempt by a private corporation to exempt documents from disclosure that were obtained by a public agency in the course of discovery on a matter related to the public's business. The court wrote,
In our opinion, the Commission's conclusion is consistent with the purpose of the Public Records Act, which legislatively recognizes that all state, county and municipal records shallexcept those that are narrowly excepted from disclosureat all times be open for personal inspection by the public. The Commission's interpretation is also consistent with the liberal construction afforded the Public Records Act in favor of open government. Thus, once the exceptions set forth in section 364.183(3) are considered in conjunction with the Public Records Act, the Commission's conclusions that section 364.183(8) should be narrowly construed and that no exception should be created for critical self-analyses are reasonable.
Id. at 876 (citations omitted).
We, therefore, reverse the decision of the trial court to exempt from disclosure records obtained lawfully by the government during the course of an investigation, but specifically note we are not ruling on the ultimate admissibility of these records under section 90.502 in pending or subsequent litigation between appellant and appellee.
Remanded with directions for issuance of an order consistent with this opinion.
BOOTH and JOANOS, JJ., concur.
NOTES
[1] In Kight, supra, the court considered whether the records of a criminal defendant's trial counsel, which included attorney-client communication as well as attorney work product, were subject to disclosure under the Public Records Act during postconviction litigation by virtue of the fact that the records had been provided to the Office of Capital Collateral Representative, a governmental agency appointed to represent a defendant at postconviction proceedings.