PER CURIAM.
Appellant challenges a circuit court order that summarily denied his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. In that motion, appellant raised five claims: (1) the State failed to abide by a substantial assistance agreement, which was part of the plea agreement; (2) appellant involuntarily entered the plea since he misunderstood the terms of the substantial assistance agreement; (3) the police failed to abide by the agreement in that they falsely stated that appellant had not provided substantial assistance; (4) the factual basis for the plea was insufficient; and (5) ineffective assistance of counsel.
Appellant previously sought to withdraw his plea based on the State’s alleged breach of the substantial assistance agreement. This court, on direct appeal, considered and rejected appellant’s claim that the trial court erred in denying appellant’s motion to withdraw his plea on that ground. See Coutain v. State, 701 So.2d 880 (Fla. 4th DCA 1997). Since postcon- *1203 viction proceedings are not to be used as a second appeal, see Harvey v. Dugger, 656 So.2d 1253, 1256 (Fla.1995), claims one and three were properly denied. Appellant’s challenge to the voluntariness of the plea appears to be just a different way of arguing the State’s alleged breach of the substantial assistance agreement and, in any event, is legally insufficient, as are his claims of ineffective assistance of counsel and lack of a factual basis for the plea. Consequently, we affirm the denial of post-conviction relief.
AFFIRMED.
STONE, KLEIN and STEVENSON, JJ., concur.