PER CURIAM.
The order summarily denying appellant’s motion for postconviction relief is affirmed with respect to appellant’s claims of ineffective assistance of appellate counsel. See Downs v. State, 24 Fla. L. Weekly S231 & n. 5, 740 So.2d 506, 509 n. 5 (Fla.1999) (claims of ineffective assistance of appellate counsel are not cognizable in a rule 3.850 motion for postconviction relief and are more appropriately raised in a petition for writ of habeas corpus). As for appellant’s claim that trial counsel was ineffective in conceding appellant’s guilt without his consent, the order is reversed and remanded for an evidentiary hearing, as the motion, files and record attachments do not conclusively establish that appellant is not entitled to relief. See Fla. R.Crim. P. 3.850(d); Harvey v. Dugger, 656 So.2d 1253, 1256 (Fla.1995); Nixon v. State, 572 So.2d 1336, 1339 (Fla.1990), cert. denied, 502 U.S. 854, 112 S.Ct. 164, 116 L.Ed.2d 128 (1991).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR EV-IDENTIARY HEARING.
GUNTHER, STONE and SHAHOOD, JJ., concur.