PLEUS, J.
The defendant appeals the summary denial of his Rule 3.850 motion for post-conviction relief.[1] The defendant was convicted of various crimes in six different cases and asserts six claims of ineffective assistance of trial counsel.
First, the defendant alleges that his trial counsel was ineffective in failing to move to suppress evidence resulting from the defendant’s arrest. The defendant argues that the warrant for his arrest was not based on a founded suspicion that the defendant committed a crime. This claim is refuted by the record. The affidavit supporting the arrest warrant indicated that the manager of the store identified the defendant out of a photo-line up.
Next, defendant argues that there was no founded suspicion to stop and arrest the defendant. This claim is also without merit. The defendant was arrested on a legal *697 ly sufficient arrest warrant. The defendant also contends that the stolen tools used as evidence were illegally seized from another’s vehicle. The record refutes this claim. The arrest report indicates that the police officers observed the defendant steal property and then sell that property to another person. The officers had probable cause to seize the property.
The defendant next claims the trial court erred in denying his motion for mistrial when the state introduced Williams rule evidence. This is a claim that could or should have been raised on direct appeal. See, Harvey v. Dugger, 656 So.2d 1258 (Fla.1995).
The defendant additionally claims that error occurred when the state allowed false evidence to go uncorrected thus tainting the conviction. This is a claim which could or should have been raised on direct appeal.
Regarding his plea, the defendant contends his trial counsel coerced him into entering the plea even though a viable defense existed. The defendant relies on trial testimony in a separate trial on the charge on which he did not plead guilty. He argues the testimony raises a question of identity. This claim is without merit. The identity issue was argued at trial and the defendant was found guilty. The defendant fails to explain how he would have been prejudiced in the cases in which he pled guilty.
The defendant claims the trial court threatened the defendant with a harsher sentence if the defendant did not plead to the charges. This is a claim that could or should have been raised on direct appeal.
Finally the defendant argues that the cumulative effect of the errors raised denied the defendant his right to effective trial counsel. This claim is without merit. The various claims raised by the defendant are without merit or procedurally barred. Therefore, the summary denial of defendant’s motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 is affirmed.
AFFIRMED.
PETERSON and PALMER, JJ„ concur.

. The trial court inadvertently denotes this motion as a Rule 3.800(a) motion to correct an illegal sentence.