PER CURIAM.
Dominick Harris appeals from the trial court’s order denying his motion for post-conviction DNA testing pursuant to section 925.11, Florida Statutes (2003). We affirm.
Harris was charged with two counts of armed kidnapping, three counts of armed sexual battery, two counts of armed robbery and one count of armed carjacking. He pleaded not guilty and upon trial and conviction received a life sentence.
Harris requested post-conviction DNA testing of the evidence gathered in the case, alleging that rape kit swabs taken from the victims contain semen that is not his and that this evidence would exonerate him. The laboratory report contained in the record shows that several items were tested for DNA, including the rape kit swabs. These tests yielded no DNA from Harris. However, the trial court’s order notes that regardless of the fact that there were negative DNA results, the evidence against Harris is overwhelming. Both victims identified Harris as the man who kidnapped and assaulted them at gunpoint, and then fled with the car. Harris was later apprehended standing near the car with the victim’s earrings in his pocket. The trial court correctly concluded that all of the physical evidence collected in the case had been tested for DNA and that there was no reasonable probability that the results of those tests would have led to Harris’ acquittal at trial.
*591 The remaining points raised by Harris are inappropriate for inclusion in a post-conviction petition for DNA testing, and should have been raised on direct appeal.[1] See Harvey v. Dugger, 656 So.2d 1253, 1256 (Fla.1995) (holding that claims not raised on direct appeal are procedurally barred from consideration in a post-conviction relief motion).
Affirmed.

. Harris includes in his motion for post-conviction DNA testing claims of suggestive lineup procedures, failure to compare latent fingerprints, and failure to interview an [unnamed] alibi witness, among others. See Fla. R.Crim. P. 3.850(f), which prohibits successive motions; Moore v. State, 820 So.2d 199 (Fla.2002) (a second or successive motion for post-conviction relief can be denied on the ground that it is an abuse of process, if there is no reason for failing to raise the issues in the previous motion).