PER CURIAM.
 

 Leonard Taylor (“the defendant”) appeals an order summarily denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
 

 The defendant filed a rule 3.850 motion containing several claims of alleged error. Claims 4, 6, 8, 11 and 12 of the defendant’s rule 3.850 motion raised ineffective assistance of trial counsel. These claims are properly the subject of a postconviction relief motion.
 
 See McKinney v. State,
 
 579 So.2d 80 (Fla.1991). The State has conceded, and we agree, that as to these claims we must reverse unless the record conclusively shows that the defendant is entitled to no relief.
 
 See
 
 Fla. R.App. P. 9.141(b)(2)(D).
 

 
 *421
 
 Because the record now before us fails to make the required showing, we reverse and remand for attachment of record excerpts conclusively showing that the defendant is not entitled to any relief or for an evidentiary hearing. If the trial court again enters an order summarily denying the postconviction motion, the court shall attach record excerpts conclusively showing that the appellant is not entitled to any relief.
 

 As to the remaining claims, they were or should have been previously raised in the defendant’s appeal from the judgment of conviction, which this Court affirmed.
 
 See Harvey v. Dugger,
 
 656 So.2d 1253 (Fla.1995);
 
 Taylor v. State,
 
 925 So.2d 1035 (Fla. 3d DCA 2006).
 

 Accordingly, we reverse and remand the order appealed from for further proceedings on claims 4, 6, 8, 11 and 12, and affirm as to all other claims.
 

 Affirmed in part and reversed in part.