DOWNEY, Judge.
Appellant, Raymond A. Rea, filed a petition for writ of mandamus in the circuit court of Palm Beach County to require appellee, as Palm Beach County administrator, to make available for inspection and copying a certain public record, i.e., a telephone number, pursuant to Chapter 119, Florida Statutes (1985). The court entered a final order holding that as long as the county uses the number in question exclusively for county employee ready access to county business meetings it is not required to furnish the public with access to the number. The court held, however, that, if the number is furnished to any member of the public outside of the class of county employees intended, then the county must furnish it to anyone who requests it.
The petition as amended alleges that for several months prior to the filing of the petition Palm Beach County maintained a telephone number commonly referred to as the county commission monitor phone. Said number provided access to meetings of the county commission and other public boards. By dialing the number in question one could monitor commission and board proceedings while they were underway. It is further alleged that Rea requested the number from the County Communications Department but was advised the county administrator’s office would only furnish the number to certain individuals in the public and private sector who could show a specific need therefor. Rea requested the number and a list of all individuals to whom the number had been furnished. His request was denied. Citing section 119.-011, Florida Statutes, the complaint alleged that Sansbury was a public official, the phone number was a public record, and there was no statutory exemption justifying refusal to disclose it to the public. Therefore, Rea petitioned the court to issue a writ of mandamus to require disclosure of the “public record.”
A hearing was held upon the petition, though no evidence was taken. Since the facts were not controverted, the parties simply argued their respective legal positions and the court entered the order appealed from. In said order the trial court stated:
The facts of this matter are undisputed by Counsel. In the latter part of 1985, or early 1986, Palm Beach County installed an electronic telephone system referred to as the County Commission “Online Monitor” System. This system al *1317 lowed one to dial a telephone number and automatically be patched into an on-going County Commission meeting. Many of the County departments are located in buildings removed from the main Governmental Complex, and the system was installed to allow department heads to monitor their particular items as they were considered by the County Commission, and to generally monitor the progress of the meetings to determine when their presence was necessary without spending the entire day at the Commission Chambers. Subsequently, members of the public were made aware of the number and the system became so congested that it no longer served the purpose for which it was installed. Subsequently, the County changed the number and refused to release the new numbers to members of the general public unless a specific need could be shown to the satisfaction of the County Administrator. Petitioner requested the number and was denied. Petitioner also requested a copy of a list kept by the Administrator containing the names of all other members of the general public who had requested the number. Sometime after the initial request, the number was published in local newspapers and the County released the list requested by Petitioner.
2. The questions presented to this Court are:
(a) Is the issue of whether the telephone number is a public record moot subsequent to its release to the general public by the County, and
(b) If the issue is not moot, is the number a “public record” subject to disclosure pursuant to Florida Statute Section 119.
Initially, the trial court ruled that the matter was not controlled by the doctrine of mootness because of the possibility of the question arising again should the county change the number. Therefore, although the county has published the number, Rea contends the legal issue should be resolved once and for all. We believe the trial court was correct in proceeding to decide the issue.
The county installed this electronic system called the “Online Monitor System” to enable outlying county employees who are involved in matters pending before the commission or particular public board to monitor proceedings via telephone to determine when their presence at the proceeding was necessary so as to obviate their spending unnecessary time sitting through matters irrelevant to their function and purpose. Apparently, the system will only tolerate so many calls and thus the county refused to allow its use by the general public.
Rea argues in his brief that Chapter 85-86, Laws of Florida, which incorporated into the purview of Chapter 119 various electronic materials, is broad enough to include the online monitor system. Furthermore, he contends that Chapter 119 prohibits any public official from having a private telephone line citing section 119.-01(1), which provides that “[i]t is the public policy of this state that all state, county, and municipal records shall at all times be open for a personal inspection by any person.” The county, on the other hand, submits that this electronic system, which has certain access to it, is no different than a county computer which has access codes and keys that are not public information subject to the public records law.
In our view, we need not look to the exemption provisions of Chapter 119 because the online monitor system is not a public record. Section 119.011(1) defines “public records” as:
[a]ll documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.
It should be kept in mind that the commission meetings are recorded so that the public can obtain copies thereof, and the meetings are open to the public so all can observe the proceedings. Thus, there is no fear that the public will not know what goes on. Finally, we view section 119.085 *1318 as authorizing the county to facilitate the inspection and copying of public records by electronic means and passing the cost on to the public user. This, however, does not mean that every means adopted by the county to facilitate the work of county employees ipso facto requires that the public be allowed to participate therein.
Accordingly, we affirm the order appealed from.
AFFIRMED.
HERSEY, C.J., and LETTS, J., concur.