764 So.2d 765 (2000)
Frank WOOLLING, Appellant,
v.
Lawson LAMAR, Office of the State Attorney, etc., Appellee.
No. 5D99-758.
District Court of Appeal of Florida, Fifth District.
July 7, 2000.
Rehearing Denied August 17, 2000.
*766 Mary A. Mills, Assistant Federal Public Defender, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellee.
KAHN, L., Associate Judge.
Appellant, Frank Woolling, seeks review of an order denying his request for disclosure of public records in the possession of the Appellee, Lawson Lamar, State Attorney for the Ninth Judicial Circuit. We reverse and remand with directions.
Woolling is being tried on federal criminal charges in the Middle District of Florida. In April 1998, Woolling submitted a written request pursuant to Chapter 119, Florida Statutes, for public records relating to him in the possession of the State Attorney. In May 1998, Woolling sent a letter to the State Attorney requesting a written response identifying the specific exemptions pursuant to section 119.07 that the State Attorney claimed applied. The State Attorney did not provide Woolling any records pursuant to Woolling's public records request nor did the Appellee provide written notice to Woolling as to the basis for any exemptions claimed.
Thereafter, Woolling filed a civil action against the State Attorney for disclosure of public records pursuant to Chapter 119, Florida Statutes, and Article I, Section 24 of the Florida Constitution. In the alternative, he sought an in camera inspection of the records. Woolling's attorney argued that she believed the files contained police reports, witness interviews, investigating officers' summaries, and, important to an issue in the federal prosecution, references and observations of Woolling's mental health at the time he was initially arrested.
The State Attorney answered and filed affirmative defenses claiming that he had in his custody and control three case files which were part of an ongoing federal criminal prosecution relating to Woolling.[1] The lower court conducted a non-evidentiary hearing.
*767 The State Attorney argued that the records he was withholding were exempt as "an active prosecution." Thereafter, the lower court ordered that the State Attorney disclose all records in his control and custody pertaining to Mr. Woolling or, in the alternative, to forward whatever records that he claimed were exempt to the trial court for an in camera inspection.
The State Attorney requested a rehearing and clarification of the Court's ruling. The trial court stayed its order. The State Attorney filed a Supplemental Argument claiming that section 119.07(3)(b) provided an exemption from disclosure for "active criminal intelligence information and active criminal investigative information." The trial court granted the State Attorney's motion for rehearing and vacated its earlier ruling. The court found that because there was an ongoing federal prosecution, the records in the State Attorney's possession were exempt from disclosure, citing sections 119.011(3)(b) and (c), Florida Statutes (1997). Woolling appealed. The State Attorney argued on appeal that section 119.07(3)(b) exempts the requested records from disclosure in every case that is being actively prosecuted.[2]
Article I, Section 24(a) of the Florida Constitution provides:
Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution. This section specifically includes the legislative, executive, and judicial branches of government and each agency or department created thereunder; counties, municipalities, and districts; and each constitutional officer, board and commission or entity created pursuant to law or this Constitution.
A citizen's right to public records is addressed in Chapter 119, Florida Statutes, entitled "Public Records."[3] Pursuant to section 119.07(1)(a), the custodian of a public record is required to allow the record to be inspected and examined by any person desiring to do so, unless the custodian claims one of the exemptions specified in section 119.07(3). See Forsberg v. Housing Authority of the City of Miami Beach, 455 So.2d 373 (Fla.1984); Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla.1980); Wait v. Florida Power and Light Co., 372 So.2d 420 (Fla.1979). Article I, section 24, of the Florida Constitution authorizes the legislature to create exemptions, with the provision that "such law state with specificity the public necessity justifying the exemption and shall be no broader than necessary to accomplish the stated purpose of the law." See 119.15(4)(b), Fla. Stat. (1997). There is no statutory exemption from disclosure of an "ongoing federal prosecution."
The Public Records Act "is to be construed liberally in favor of openness, and all exemptions from disclosure are to be construed narrowly and limited to their designated purpose." See City of Riviera Beach v. Barfield, 642 So.2d 1135, 1136 (Fla. 4th DCA 1994), rev. denied, 651 So.2d 1192 (Fla.1995), Krischer v. D'Amato, 674 So.2d 909 (Fla. 4th DCA 1996); see also Seminole County v. Wood, 512 So.2d 1000 (Fla. 5th DCA 1987), rev. denied, 520 So.2d 586 (Fla.1988); Tribune Company v. Public Records P.C.S.O., No. 79-35504 Miller/Jent, 493 So.2d 480 (Fla. 2d DCA 1986), *768 rev. denied sub nom 503 So.2d 327 (Fla. 1987); Bludworth v. Palm Beach Newspapers, Inc., 476 So.2d 775 (Fla. 4th DCA 1985), rev. denied 488 So.2d 67 (Fla. 1986).
Section 119.07(3)(b) provides that active criminal intelligence information[4] and active criminal investigative information are exempt from the provisions of section 119.07(1) and Article 1, section 24, Florida Constitution. In order for a record to be exempt under section 119.07(3)(b) the claimant must show that the record is both "active" and that it constitutes "criminal investigative information." Criminal investigative information is "information with respect to an identifiable person or group of persons compiled by a criminal justice agency in the course of conducting a criminal investigation of a specific act or omission, including, but not limited to, information derived from laboratory tests, reports of investigators or informants, or any type of surveillance." § 119.011(3)(b), Fla. Stat. (1997). Section 119.011(3)(d), Florida Statutes (1997), provides:
Criminal investigative information shall be considered "active" as it is related to an ongoing investigation which is continuing with a reasonable, good faith anticipating of securing an arrest or prosecution in the foreseeable future. In addition, ... criminal investigative information shall be considered "active" while such information is directly related to pending prosecutions or appeals. The word "active" shall not apply to information in cases which are barred from prosecution under the provisions of s. 775.15 or other statute of limitation.
Section 119.07(2)(b) requires in camera inspections when the exemption is claimed by virtue of sections 119.07(3)(c),(d),(e),(k),(l), or (o). However, if an exemption is alleged to exist by virtue of section 119.07(3)(b) an in camera inspection is within the court's discretion. Although section 119.07(3)(b) does not require an in camera inspection, "it is always better practice ... to conduct such an inspection in cases where an exemption to the Public Records Act is asserted. An inspection lends credence to the decision of the trial court to release or not, and provides a much better basis for appellate review." Tribune Co. v. Public Records, P.C.S.O. No. 79-35504 Miller/Jent, 493 So.2d 480 (Fla. 2d DCA 1986), rev. denied sub nom., 503 So.2d 327 (Fla.1987).
The facts of this case require that the trial court hold an in camera inspection of the records. An agency asserting the benefit of an exemption has the burden of establishing its entitlement to that exemption.[5]See Barfield v. City of Fort Lauderdale Police Dep't., 639 So.2d 1012, 1015 (Fla. 4th DCA), rev. denied, 649 So.2d 869 (Fla.1994); Florida Freedom Newspapers, Inc. v. Dempsey, 478 So.2d 1128 (Fla. 1st DCA 1985). The record in the lower court simply contains the assertions and the oral and written argument of counsel for the parties. The Appellee presented no evidence to meet its burden that the records are exempt under section 119.07(3)(b). No record exists for the trial court to reach its conclusion that the records that Woolling's requests are exempt under Chapter 119. There are no stipulations of fact by counsel or sworn testimony. There is not even an affidavit submitted by the State Attorney specifying which sections of Chapter 119 he is relying upon, nor a recitation as to why that section of the statute applies to the requested records. An in camera inspection by the lower court is therefore required so that the trial court will have a factual basis to *769 decide if the records are exempt under section 119.07(3)(b).
This matter is remanded to the trial court for an in camera inspection of the records in the possession of the State Attorney's Office relating to Woolling, in order to determine if they are exempt from disclosure pursuant to section 119.07(3)(b).
REVERSED AND REMANDED.
THOMPSON, C.J., and GRIFFIN, J., concur.
NOTES
[1] The State Attorney's files were copied and turned over to the United States Attorney immediately after Woolling's arrest. Woolling acknowledges that the State Attorney never had the obligation to turn the documents over to him pursuant to the Florida Rules of Criminal Procedure because the case had been nolle prossed before discovery occurred.
[2] Appellant's counsel acknowledged that Appellant was actively being prosecuted in federal court.
[3] "Public records" are defined as "all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency." § 119.011(4), Fla. Stat. (1997).
[4] There is no assertion by the Appellee that the records he was withholding constituted criminal intelligence information.
[5] Appellee admitted that it is an agency of the State of Florida as defined in Chapter 119, Florida Statutes, charged with the responsibility of maintaining the records of the Office of the State Attorney for the Ninth Judicial Circuit for the State of Florida.