830 So.2d 844 (2002)
TIMES PUBLISHING COMPANY, Appellant,
v.
CITY OF CLEARWATER, Florida, Appellee.
No. 2D01-3055.
District Court of Appeal of Florida, Second District.
July 3, 2002.
George K. Rahdert, Alison M. Steele, and Penelope T. Bryan of Rahdert, Steele & Bryan, P.A., St. Petersburg, for Appellant.
Pam Akin, City Attorney, and Leslie K. Dougall-Sides, Assistant City Attorney, Clearwater, for Appellee.
*845 Robert A. Butterworth, Attorney General, and Thomas E. Warner, Solicitor General, Tallahassee, Intervenor/Appellant.
ALTENBERND, Judge.
Times Publishing Company (the Times) appeals a circuit court order denying its petition for mandamus, declaratory judgment, and injunctive relief. In the petition, the Times sought an order compelling the City of Clearwater (the City) to release as public record all e-mail sent from or received by two city employees who used government-owned computers for communication. We conclude that e-mail stored in government computers does not automatically become public records by virtue of that storage. We affirm the well-reasoned opinion of the trial court. This case demonstrates that the Public Records Act, chapter 119, Florida Statutes (2000), although permitting broad access to public records, is not an ideal tool for private citizens who wish to investigate the nongovernmental activities of government employees during work hours.
In October 2000, the Times' reporter, Christina Headrick, requested that the City provide her copies of all e-mail sent from, or received by, the government-owned computers used by two City employees, Garrison Brumback and John Asmar. Pursuant to the City's procedures, Mr. Brumback and Mr. Asmar were permitted to review their e-mail and to sort that e-mail into two categories, personal and public. No other person examined the content of the e-mail the employees deemed to be personal. The City copied the e-mail these employees identified as public e-mail onto a CD-ROM and provided it to the Times.
The Times maintained that it was entitled to all of the e-mail that these employees stored on the City's computers and filed an action in circuit court to obtain the e-mail that the employees designated as "private." By temporary injunction, the City was ordered to make every reasonable effort to secure and preserve the email at issue.[1] The trial court conducted a hearing on March 1, 2001, to obtain the necessary evidence to rule on the Times' request for the e-mail. On May 17, 2001, the trial court issued a well-written, detailed order denying that request.
At the outset, it is important to note what this case does not involve. First, this case does not involve e-mail that may have been isolated by a government employee whose job required him or her to locate employee misuse of government computers. See, e.g., Hill v. Prudential Ins. Co. of Am., 701 So.2d 1218 (Fla. 1st DCA 1997) (involving otherwise privileged documents that were lawfully obtained by agency during official investigation and placed in agency files). The e-mail sought by the Times is apparently not located in any City file investigating employee misconduct. Rather, this case involves a request to the City for e-mail directly from the computers utilized by the City's employees as the sender or the receiver.
Second, this case does not involve a balancing of the public's interest in open public records and an individual's right to privacy. See, e.g., Post-Newsweek Stations, Fla. Inc. v. Doe, 612 So.2d 549 (Fla.1992) (balancing privacy interests of persons *846 named on prostitute's "client list" with public's interest in open inspection of public records). The two employees involved in this case have not asserted a right of privacy in their e-mail. In fact, the City had a published "Computer Resources Use Policy," which generally stated that the City's computer resources belong to the City and that users have no expectation of privacy as to documents created, stored, sent, or received on the City's computers. Although the City's policy may prevent the employees from asserting a privacy right to contest disclosure, the policy did not and could not alter the statutory definition of public records for purposes of chapter 119. Cf. Browning v. Walton, 351 So.2d 380 (Fla. 4th DCA 1977) (holding that city could not "self-impose" public records exemption for city employee personnel records by way of form requesting files be kept confidential).
Finally, this case does not involve an in camera inspection of records. The primary issue preserved for appeal in this case is whether all e-mail stored on a public entity's computer system is public record simply by virtue of its placement on a public resource. Once the City responded to the Times' request and identified certain e-mail as not within the definition of "public record," the Times did not request an in camera review of the disputed e-mails, although such a review might have been a possible way to resolve the dispute. See Woolling v. Lamar, 764 So.2d 765 (Fla. 5th DCA 2000) (requiring in camera inspection of public records claimed to be exempt, even though such inspection was not required by section 119.07).[2]See also Tribune Co. v. Pub. Records, 493 So.2d 480 (Fla. 2d DCA 1986). Instead, the Times sought a bright-line ruling that all e-mail on the City's computer system was "public record."
Thus, the dispositive issue in this case centers on the definition of a "public record." Section 119.011(1), Florida Statutes (2000), provides:
"Public records" means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.[3]
Chapter 119 is a legislative codification of article I, section 24(a) of the Florida Constitution, which provides:
Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution.
(Emphasis added.) Article I, section 24, allows the legislature to provide exemptions for certain public records, but "such law shall state with specificity the public necessity justifying the exemption and *847 shall be no broader than necessary to accomplish the stated purpose of the law."
Information stored on a computer is as much a public record as written documents in official files. See Seigle v. Barry, 422 So.2d 63 (Fla. 4th DCA 1982). Moreover, because section 119.01, Florida Statutes (2000), established a state public policy of open records, the public records law must be construed liberally in favor of openness. City of St. Petersburg v. Romine, 719 So.2d 19 (Fla. 2d DCA 1998).
In this case, however, "private" or "personal" e-mail simply falls outside the current definition of public records. Such e-mail is not "made or received pursuant to law or ordinance." Likewise, such e-mail by definition is not created or received "in connection with the official business" of the City or "in connection with the transaction of official business" by the City. Although digital in nature, there is little to distinguish such e-mail from personal letters delivered to government workers via a government post office box and stored in a government-owned desk.
Moreover, the supreme court has rejected a similar argument that the mere placement of a document in a public official's file makes the document a public record. In Shevin v. Byron, Harless, Schaffer, Reid & Associates, 379 So.2d 633 (Fla. 1980), the supreme court rejected the decision of the district court of appeal that "in effect said that section 119.011(1) applies to almost everything generated or received by a public agency." Id. at 640. Instead, the supreme court held that only materials prepared "with the intent of perpetuating and formalizing knowledge" fit the definition of a public record. Id. The court specifically recognized:
It is impossible to lay down a definition of general application that identifies all items subject to disclosure under the act. Consequently, the classification of items which fall midway on the spectrum of clearly public records on the one end and clearly not public records on the other will have to be determined on a case-by-case basis.

Id. See also Lopez v. State, 696 So.2d 725 (Fla.1997) (holding handwritten notes of state attorney, although not exempt from disclosure, were not "public record" by definition); Hill, 701 So.2d 1218, 1220 (recognizing generally that private party's privileged documents do not become public record simply by virtue of fact they are in government's possession); News & Sun-Sentinel, Co. v. Modesitt, 466 So.2d 1164 (Fla. 1st DCA 1985) (holding that records held by commissioner of agriculture as custodian of funds for group of private citizens were not public records).
As discussed by Judge Rondolino in his order denying the Times' claim, the courts themselves have struggled with the rules that should govern public access to and retention of such e-mail. The supreme court has recognized that judicial e-mail "may also include transmissions that are clearly not official business and are, consequently, not required to be recorded as public record." In re Amendments to Rule of Judicial Administration 2.051 Public Access to Judicial Records, 651 So.2d 1185, 1190 (Fla.1995). The Times' request would require a definition of public record that is broader than the definition provided by the supreme court for use by this court. See Report of the Supreme Court Workgroup on Public Records, 825 So.2d 889(Fla. 2002) (amending Florida Rule of Judicial Administration 2.051(b) to define records of judicial branch). Neither the statute nor the case law supports such a broad interpretation of the term "public record."
The Times also takes issue with the City's procedure in this case. The Times *848 argues that the official records custodian designated by section 119.021, Florida Statutes (2000), was required to review each e-mail to determine whether the employee properly designated it as "nonpublic record." Because the City allowed the individual employees to perform this function without any oversight, the Times maintains that it "failed to fulfill its obligations as custodian." We disagree.
Section 119.021 provides that the "custodian" is the elected officer "or his or her designee." Nothing in this provision limits who the elected officer may designate in order to delegate the task to review requested records. Moreover, chapter 119 provides no specific procedure for a government entity to follow in determining whether a record is "public," and if so, whether it is otherwise exempt from disclosure. At least in the absence of an in camera review, neither an appellate court nor a trial court is in a position to engraft specific requirements on individual governmental entities reviewing public records requests when those requirements are not provided for by statute. See Lorei v. Smith, 464 So.2d 1330 (Fla. 2d DCA 1985).
Our rapidly expanding digital world has created many opportunities for immediate public access to government records and governmental activities. At the same time, it has made accessible some types of information that blur the lines between public and private information. There is little question that our policies and procedures surrounding public records, and perhaps our entire concept of public records, need constant review to maintain a proper balance between the public's right to know about the operation of its democratic government and other competing interests.
The record suggests that at least part of the reason for the Times' request was a concern that the City employees whose e-mail the Times requested were utilizing their public time and resources for their personal benefit. This case demonstrates that the current definition of public records limits the ability of chapter 119 to serve as a tool to ferret out government workers who spend much of their time on private matters while on the public payroll. We make no assumptions about the specific government employees who were the target of the Times' investigation. However, a government employee who spends most of the day working on private matters and personal correspondence or viewing websites for personal entertainment can currently respond to a public records request by declaring that the records of it are not "public." It may be difficult to find a solution to this problem that balances individual privacy and the public's right of access, but the current approach is troublesome. This issue, however, is a matter that must be addressed by the legislature. At least in this context, it is not a matter for this court to resolve.
We affirm the decision of the circuit court. This affirmance is without prejudice to the Times seeking an in camera inspection of the disputed documents to attempt to establish that some or all meet the definition of a public record. However, because this ruling affects how every state agency and municipality maintain their records and the public's access to those records, we certify the following question as a matter of great public importance:
WHETHER ALL E-MAILS TRANSMITTED OR RECEIVED BY PUBLIC EMPLOYEES OF A GOVERNMENT AGENCY ARE PUBLIC RECORDS PURSUANT TO SECTION 119.011(1), FLORIDA STATUTES (2000), AND ARTICLE I, SECTION 24(A), OF THE FLORIDA CONSTITUTION BY VIRTUE OF THEIR PLACEMENT ON A GOVERNMENT-OWNED COMPUTER *849 SYSTEM IF THE AGENCY HAS A WRITTEN POLICY THAT INFORMS THE EMPLOYEES THAT THE AGENCY MAINTAINS A RIGHT TO CUSTODY, CONTROL AND INSPECTION OF E-MAILS?
FULMER and SILBERMAN, JJ., concur.
NOTES
[1] The City apparently has placed the "personal" e-mail on a separate CD-ROM awaiting a final decision in this suit. Because the Times has brought an action seeking disclosure, the City may not destroy this disk absent an appropriate circuit court order pursuant to section 119.07(2)(c), Florida Statutes (2000). The circuit court should not enter an order permitting the destruction of the records until the time for review in the supreme court expires or until the supreme court denies review or issues its opinion in this case.
[2] In Woolling v. Lamar, 764 So.2d 765 (Fla. 5th DCA 2000), the burden was on the public official to prove an exemption from the public records, and therefore, the order granting such an exemption without an in camera inspection was reversed because it could not be supported absent such an inspection. Here, the burden rests initially with the Times to prove that what it seeks meets the definition of a public record. Thus it was the Times' burden to request an in camera inspection of the e-mail designated as personal if it intended to prove that the employees' designation of each e-mail as personal was incorrect.
[3] The definition of "agency" in section 119.011(2), Florida Statutes (2000), includes municipalities and municipal officers.