849 So.2d 3 (2003)
MEDIA GENERAL OPERATION, INC., Publisher of the Tampa Tribune; Orlando Sentinel Communication, Publisher of the Orlando Sentinel, Appellants,
v.
Tom FEENEY, in his official capacity as Speaker of the State of Florida House of Representatives; Republican Party of Florida, Appellees.
No. 02-2849.
District Court of Appeal of Florida, First District.
February 21, 2003.
*4 David S. Bralow, Senior Counsel, Tribune Company, Orlando; Gregg D. Thomas, Esquire, Rachel E. Fugate, Esquire and Deanna K. Shullman, Esquire, of Holland & Knight LLP, Tampa, for Appellants.
Barry Richard, Esquire, Greenberg Traurig, P.A., Tallahassee; E. Thom Rumberger, Esquire, Daniel J. Gerber, Esquire, Kimberly D. Webb, Esquire, of Rumberger, Kirk & Caldwell, Tallahassee, for Appellees.
POLSTON, J.
Appellants seek additional information from the cellular phone records of five staff employees of the Florida House of Representatives pursuant to public record requests to the House and the Republican Party of Florida. The cellular phones, used by the five individuals for personal calls and for official business calls, are paid for by the Republican Party without any cost to the individuals or to the House.[1]
In March, 2002, appellants demanded that the House provide copies of the cellular *5 phone bills and the House responded that no such records existed. The appellants also demanded copies of the records from the Republican Party, which refused to provide them. Appellants filed suit to recover the requested documents.
Shortly after appellants filed suit, outside counsel for the House instructed the five individuals to review the relevant cellular phone records at the Republican Party headquarters and to redact all information relating to calls they determined to be private. The employees were further instructed that any calls relating to the business of the House or to pending or potential legislation were considered public calls and were not to be redacted, except for the actual phone numbers called. In a failed attempt to facilitate a resolution of the matter without further litigation, the employees were instructed to write the name of the person or entity called for each of the public calls. The Republican Party delivered copies of the telephone records, redacted by the individuals as instructed, to outside counsel for the House and he forwarded them to counsel for appellants.
Appellants claim that they are entitled to receipt of the cellular phone records in their entirety without redaction. We hold that under the circumstances of this case, appellants are entitled to receipt of the redacted phone numbers for those designated as public calls, but are not entitled to receipt of the redacted private calls, pursuant to section 11.0431, Florida Statutes (2002). Accordingly, we affirm in part and reverse in part.

I.
The Republican Party argues that the cellular phone billing records at issue are its property and arise out of the business of the Republican Party, not on behalf of a public agency, and therefore are not governed by the disclosure provisions of Art. I, § 24 of the Florida Constitution or section 11.0431, Florida Statutes. However, because the Republican Party voluntarily produced the phone records, we do not reach the issue of whether the Republican Party was acting on behalf of a public agency and therefore required to disclose records pursuant to appellants' public record request. See News and Sun-Sentinel Co. v. Schwab, Twitty & Hanser Architectural Group, Inc., 596 So.2d 1029 (Fla.1992)(holding that a "totality of factors" test should be utilized to determine whether a private entity is acting on behalf of a public agency and is therefore subject to the public records law).
The appellants seek a bright-line ruling that all phone calls in the billing records are "public record." As noted in Times Publishing Co. v. City of Clearwater, 830 So.2d 844 (Fla. 2d DCA 2002), the public record statute defining "public record" and the Florida Constitution require disclosure of documents made or received pursuant to law or ordinance or in connection with the transaction of official business. Id. at 846 (quoting section 119.011(1), Fla. Stat. (2000) and Art. I, § 24(a), Fla. Const.); see § 11.0431(4), Fla. Stat. (2002)(using the same language defining public records of the House). The court in Times Publishing, rejecting a similar argument for a bright-line ruling that all e-mail on the City's computer system was "public record," stated:
In this case, however, "private" or "personal" e-mail simply falls outside the current definition of public records. Such e-mail is not "made or received pursuant to law or ordinance." Likewise, such e-mail by definition is not created or received "in connection with the official business" of the City or "in *6 connection with the transaction of official business" by the City. Although digital in nature, there is little to distinguish such e-mail from personal letters delivered to government workers via a government post office box and stored in a government-owned desk.
Id. at 846-47.
Likewise, the "private" or "personal" phone calls by these five individuals were not created or received in connection with the official business of the House. Therefore, we agree with the trial court that the personal calls fall outside the current definition of public records and were properly redacted.[2]Id.; see also Fla. R. Jud. Admin. 2.051, Committee Commentary at 11 (West 2002 Second Cumulative Supplement)(commenting on the Florida Supreme Court's rules for public access to records of the judicial branch of government: "[e]-mail may also include transmissions that are clearly not official business and are, consequently, not required to be recorded as a public record.").

II.
The House agrees that calls made in connection with official business are responsive to appellants' public record request, but argues that the phone numbers were properly redacted, citing Rea v. Sansbury, 504 So.2d 1315 (Fla. 4th DCA 1987) and arguing that the disclosure of these numbers will result in unreasonable consequences to the persons called.
We do not find Rea applicable to these circumstances. The court in Rea held that a telephone number providing access to the Palm Beach County Online Monitor System was not a public record. The Online Monitor System was established "to enable outlying county employees who are involved in matters pending before the commission or particular public board to monitor proceedings via telephone to determine when their presence at the proceeding was necessary so as to obviate their spending unnecessary time sitting through matters irrelevant to their function and purpose." Id. at 1317. The court noted that because the system will only tolerate so many calls, the county refused to allow its use by the general public. Id. The county argued that the telephone number acted as the access to the system in the same manner as a county computer with access codes and keys that are not public information subject to the public records law. Id. The court agreed with the county that the telephone number was not a public record, noting that the telephone number accessed public information otherwise available. Id. at 1317-18. Here, the redacted telephone numbers called during the transaction of official business do not act as access numbers to public information otherwise available. Therefore, Rea does not apply.
Although we agree with the House that the disclosure of these telephone numbers may result in unreasonable consequences to the persons called, this argument should be made to the Florida Legislature, which has specified various public record exemptions for disclosure of telephone numbers. See, e.g., § 119.07(3)(i), Fla. Stat. (2002)(exempting telephone numbers for law enforcement personnel, correctional officers, firefighters, judges, specified human resource directors); Memorial Hospital-West Volusia, Inc. v. News-Journal Corp., 729 So.2d 373, 380 & n. 14 (Fla.1999)(ruling that "an exemption from public records access is available only after the legislature has followed the express *7 procedure provided in article I, section 24(c) of the Florida Constitution"); Wait v. Florida Power & Light Co., 372 So.2d 420, 424 (Fla.1979)(rejecting public policy considerations that support public record exemptions, the Court stated that such arguments should be addressed to the legislature; "Courts deal with the construction and constitutionality of legislative determinations, not with their wisdom."). Therefore, we reverse the trial court's ruling permitting the redaction of these numbers and remand for the trial court to direct appellees to provide these redacted public call telephone numbers to appellants.

Conclusion
We hold that under the circumstances of this case, appellants are entitled to receipt of the redacted phone numbers for those designated as public calls, but are not entitled to receipt of the redacted private calls.
Affirmed in part; Reversed in part and Remanded.
BARFIELD and BENTON, JJ., concur.
NOTES
[1] In February, 2002, the House administration made the decision to discontinue paying for employee cellular phone service and the Republican Party began paying for the service. There is no dispute in this case over compliance with appellants' prior public record requests to the House for cellular phone records prior to February, 2002.
[2] There is no dispute over the individuals' designation of calls as private or public. It was the appellants' burden to request an in camera inspection of the calls designated as private if they intended to prove that the designations as private were incorrect. See Times Publishing, 830 So.2d at 846 & n. 2.