12 So.3d 239 (2009)
MEDIA GENERAL OPERATIONS, INC., Petitioner,
v.
STATE of Florida and Alexander Robles, Respondents.
No. 2D08-1154.
District Court of Appeal of Florida, Second District.
May 6, 2009.
Rehearing Denied June 19, 2009.
Gregg D. Thomas and Rachel E. Fugate of Thomas & LoCicero PL, Tampa, for Petitioner.
*240 Bill McCollum, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Respondent State of Florida.
B. Elaine New and Sherry McDonald, St. Petersburg, for Chief Judge Robert J. Morris, Jr.
No appearance for Respondent Alexander Robles.
PER CURIAM.
Media General Corporation, publisher of the Tampa Tribune, seeks a writ of mandamus directed to the Chief Judge of the Sixth Judicial Circuit ordering him to release the audio recording of a sentencing hearing. Media General contends it is entitled to a copy of the recording because it is a record of the judicial branch and no exemption protects it from public disclosure.
Florida Rule of Judicial Administration 2.420, which governs access to judicial branch records, states:
(b) Definitions.
(1) "Records of the judicial branch" are all records, regardless of physical form, characteristics, or means of transmission, made or received in connection with the transaction of official business by any judicial branch entity and consist of:
(A) "court records," which are the contents of the court file, including the progress docket and other similar records generated to document activity in a case, transcripts filed with the clerk, documentary exhibits in the custody of the clerk, and electronic records, videotapes, or stenographic tapes of depositions or other proceedings filed with the clerk, and electronic records, videotapes, or stenographic tapes of court proceedings.
Citing the rule, Media General contends that the audio recording of Alexander Robles' sentencing hearing is an "electronic record" of the hearing and therefore is a court record. We disagree.
The audio recording exists because the Sixth Judicial Circuit uses a digital electronic court reporting system in some proceedings rather than a stenographic court reporter. The recording includes matters that are not a part of the sentencing hearing because the microphones in the courtroom capture all the miscellaneous sounds and conversations in the courtroom before, during, and after the hearing. By definition, the record of a court proceeding is comprised only of matters that are part of the proceedings, i.e., the official business of the court. See id. (defining "court records" as including "electronic records ... of court proceedings") (emphasis added); Fla. R. Jud. Admin. 2.535(c) ("Record. When trial proceedings are being reported, no part of the proceedings shall be omitted unless all of the parties agree to do so and the court approves the agreement.") (emphasis added); see also Holt v. Chief Judge of the Thirteenth Judicial Circuit, 920 So.2d 814 (Fla. 2d DCA 2006)(explaining that digital electronic court reporting systems used in courtrooms capture statements and conversations that are not part of the judicial proceeding or that are not meant to be "on the record"). Accordingly, we conclude that the audio recording created by digital electronic court reporting systems is not, in and of itself, an "electronic record" of the proceedings.
The audio recording produced by the digital electronic court reporting system exists for the purpose of creating a record of the court proceedings. See Fla. R. Jud. Admin. 2.535(g)(3) ("Electronic Recording and Transcription of Proceedings Without Court Reporters. A chief judge may enter a circuit-wide administrative order, which shall be recorded, authorizing the electronic *241 recording and subsequent transcription by persons other than court reporters, of any judicial proceedings, including depositions, that are otherwise required to be reported by a court reporter."). Rule 2.420(f)(2) provides that the custodian of court records shall determine the form in which the record is provided. Here, the custodian, the Chief Judge of the Sixth Judicial Circuit, has elected to supply the record of the proceeding at which Mr. Robles was sentenced in the form of a written transcript, something he has the right to do. Accordingly, we conclude Media General has no right to the audio recording produced by the digital court reporting system, and we deny its petition for a writ of mandamus.
Denied.
FULMER and KELLY, JJ., Concur.
CASANUEVA, J., Concurs specially with opinion.
CASANUEVA, Judge, specially concurring.
Although I concur with the majority that mandamus does not lie to compel the Sixth Judicial Circuit to produce the raw audio recording of the pertinent proceedings, I write to further explain why the audio does not constitute a "record" subject to disclosure.
Media General seeks production of the raw electronic audio captured by the courtroom audio equipment, flatly asserting that this data is an "electronic record" as contemplated by Florida Rule of Judicial Administration 2.420(b)(1)(a). However, in Shevin v. Byron, Harless, Schaffer, Reid & Assocs., Inc., 379 So.2d 633, 640 (Fla. 1980), the supreme court provided guidance that suggests otherwise:
To give content to the public records law which is consistent with the most common understanding of the term "record," we hold that a public record, for purposes of section 119.011(1), is any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type. To be contrasted with "public records" are materials prepared as drafts or notes, which constitute mere precursors of governmental "records" and are not, in themselves, intended as final evidence of the knowledge to be recorded. Matters which obviously would not be public records are rough drafts, notes to be used in preparing some other documentary material, and tapes or notes taken by a secretary as dictation.
See also Media Gen. Convergence, Inc. v. Chief Judge of Thirteenth Judicial Circuit, 840 So.2d 1008, 1014 (Fla.2003) (citing Shevin as a "landmark decision" in public records law).
It is my opinion that the raw data, consisting of the audio passively recorded by the court's equipment, is merely a "precursor" of a record. See Shevin, 379 So.2d at 640. The unfiltered recording cannot be "intended as final evidence of the knowledge to be recorded." Id. As the Chief Judge aptly points out, the audio may, and probably does, contain nonrecord anomalies such as privileged discussions between attorneys and their clients or background dialogue between observers in the gallery. Without any editing  any evidence that a person or entity utilized intelligent thought in culling out the nonrecord anomalies from the unfiltered audio data  there is no suggestion of the necessary "intent" to create the "final evidence" that is a record.
"Mandamus is an extraordinary writ that can be used to compel public officials to perform nondiscretionary, ministerial duties to which the petitioner has a clear legal right." Moorman v. Hatfield, 958 So.2d 396, 398 (Fla. 2d DCA 2007). Rule 2.420(a) clearly provides that "[t]he public shall have access to all records of the *242 judicial branch" with some enumerated exceptions. Because the raw audio data is only a "precursor" to the record, it is not a record itself. Consequently, Media General cannot demonstrate a clear legal right to the disclosure of the raw data under rule 2.420 to support its request for mandamus relief.
This is not to say that an audio recording of courtroom proceedings can never constitute a "record" subject to public disclosure. If the Chief Judge were to order review of this raw audio data and preparation of an edited audio recording reflecting only the court proceedings, the resulting audio would likely be a "record" subject to disclosure under rule 2.420. However, this is only conjecture, and such a scenario would require a close analysis of the facts and issues presented. See Times Publ'g Co. v. City of Clearwater, 830 So.2d 844, 847 (Fla. 2d DCA 2002) ("[T]he classification of items which fall midway on the spectrum of clearly public records on the one end and clearly not public records on the other will have to be determined on a case by case basis.").
I concur in the denial of the petition for writ of mandamus.