CASANUEVA,
Judge, specially concurring.
Although I concur with the majority that mandamus does not lie to compel the Sixth Judicial Circuit to produce the raw audio recording of the pertinent proceedings, I write to further explain why the audio does not constitute a “record” subject to disclosure.
Media General seeks production of the raw electronic audio captured by the courtroom audio equipment, flatly asserting that this data is an “electronic record” as contemplated by Florida Rule of Judicial Administration 2.420(b)(1)(a). However, in Shevin v. Byron, Harless, Schaffer, Reid & Assocs., Inc., 379 So.2d 633, 640 (Fla. 1980), the supreme court provided guidance that suggests otherwise:
To give content to the public records law which is consistent with the most common understanding of the term “record,” we hold that a public record, for purposes of section 119.011(1), is any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type. To be contrasted with “public records” are materials prepared as drafts or notes, which constitute mere precursors of governmental “records” and are not, in themselves, intended as final evidence of the knowledge to be recorded. Matters which obviously would not be public records are rough drafts, notes to be used in preparing some other documentary material, and tapes or notes taken by a secretary as dictation.
See also Media Gen. Convergence, Inc. v. Chief Judge of Thirteenth Judicial Circuit, 840 So.2d 1008, 1014 (Fla.2003) (citing She-vin as a “landmark decision” in public records law).
It is my opinion that the raw data, consisting of the audio passively recorded by the court’s equipment, is merely a “precursor” of a record. See Shevin, 379 So.2d at 640. The unfiltered recording cannot be “intended as final evidence of the knowledge to be recorded.” Id. As the Chief Judge aptly points out, the audio may, and probably does, contain nonrecord anomalies such as privileged discussions between attorneys and their clients or background dialogue between observers in the gallery. Without any editing — any evidence that a person or entity utilized intelligent thought in culling out the nonrecord anomalies from the unfiltered audio data — there is no suggestion of the necessary “intent” to create the “final evidence” that is a record.
“Mandamus is an extraordinary writ that can be used to compel public officials to perform nondiscretionary, ministerial duties to which the petitioner has a clear legal right.” Moorman v. Hatfield, 958 So.2d 396, 398 (Fla. 2d DCA 2007). Rule 2.420(a) clearly provides that “[t]he public shall have access to all records of the *242 judicial branch” with some enumerated exceptions. Because the raw audio data is only a “precursor” to the record, it is not a record itself. Consequently, Media General cannot demonstrate a clear legal right to the disclosure of the raw data under rule 2.420 to support its request for mandamus relief.
This is not to say that an audio recording of courtroom proceedings can never constitute a “record” subject to public disclosure. If the Chief Judge were to order review of this raw audio data and preparation of an edited audio recording reflecting only the court proceedings, the resulting audio would likely be a “record” subject to disclosure under rule 2.420. However, this is only conjecture, and such a scenario would require a close analysis of the facts and issues presented. See Times Publ’g Co. v. City of Clearwater, 830 So.2d 844, 847 (Fla. 2d DCA 2002) (“[T]he classification of items which fall midway on the spectrum of clearly public records on the one end and clearly not public records on the other will have to be determined on a case by case basis.”).
I concur in the denial of the petition for writ of mandamus.